**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| VIRGIL A. BAKER; CHARLES B. LOWERY and ELIZABETE LOWERY; and ELLANORE and DAVID LARGENT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AEGIS WHOLESALE CORPORATION; RESIDENTIAL FUNDING COMPANY, LLC; COUNTRYWIDE HOME LOANS, INC., and DOES 3 through 100 inclusive,<br><br>Defendants. | Case No. 4:09-CV-05280-PJH<br><br>**CONSENT PROTECTIVE ORDER**<br><br>Judge:          Hon. Phyllis J. Hamilton |

On consideration of the Joint Motion for Entry of Consent Protective Order ("Protective Order") submitted by defendants Countrywide Home Loans, Inc. ("CHL") and Residential Funding Company, LLC ("RFC") (CHL and RFC collectively, "Defendants") and plaintiffs Virgil A. Baker, Charles B. and Elizabete Lowery, and Ellanore and David Largent (collectively, "Plaintiffs") (Plaintiffs together with Defendants, the "Parties"), and it appearing to the Court that such a Protective Order is necessary and appropriate and will facilitate discovery between the Parties,

IT IS THEREFORE ORDERED that:

1.      <u>Designation of Confidential Information</u>.  Each Party may identify documents produced in discovery as "CONFIDENTIAL MATERIALS" by stamping or marking them with the legend "CONFIDENTIAL."  Each Party may also identify materials, including documents and things, answers to interrogatories, responses to requests for production, responses to requests for admission, deposition and trial exhibits, and transcripts of depositions and hearings (or portions of such transcripts) (collectively "Discovery Materials"), as "CONFIDENTIAL MATERIALS" by

stamping or marking them (or any pleadings or other documents filed with the Court or served on another Party) with the legend:

CONFIDENTIAL MATERIALS
(SUBJECT TO PROTECTIVE ORDER)

A Party may designate discovery materials as "CONFIDENTIAL MATERIALS" to the extent that the Party, through its counsel, believes such discovery materials are confidential because they include any of the following:  (a) sensitive nonpublic financial information and statements; (b) business or technical information that, if disclosed to the general public or competitors of any Party, is reasonably be expected to cause competitive harm to that Party; (c) trade secrets; (d) proprietary business information, including business methods or practices, business plans and records of internal deliberations and decision-making, and policies and procedures not generally published, including those concerning compensation, underwriting, loan origination, business operations, and training that, if disclosed to the general public or competitors of any Party, is reasonably be expected to cause competitive harm to that Party; (e) individual personal information that is protected from disclosure under state or federal law, including identifying personal financial information, about any Party, any employee of any Party, or any third party; (f) information regarding any individual's banking or lending relationships, including, without limitation, information regarding the individual's mortgage or credit history; and/or (g) other information, the disclosure of which would, in the good faith judgment of the Party designating the information as CONFIDENTIAL MATERIALS, reasonably be expected to cause competitive harm to that Party and be detrimental to the conduct of that Party's business or the business of any of that Party's customers or clients, or would cause one or more of the Parties substantial harm.

Documents may be designated as CONFIDENTIAL MATERIALS at any time, including that a Party may mark a document as CONFIDENTIAL MATERIALS after it was earlier produced without such a designation, with the effect that such document is thereafter subject to the provisions of this Protective Order subject to the right of the non-producing Party to object to such later designation pursuant to the terms of this Protective Order.  Any documents designated as CONFIDENTIAL MATERIALS prior to entry of this Protective Order shall be treated the same in all respects as

1

documents designated as CONFIDENTIAL MATERIALS after the entry of this Protective Order.  This Protective Order also treats as CONFIDENTIAL MATERIALS oral communications designated as CONFIDENTIAL MATERIALS either orally or in writing.

2.      Definition of CONFIDENTIAL MATERIALS.  "CONFIDENTIAL MATERIALS" shall include those items designated under Paragraph 1, as well as any notes, work papers or other documents derived from or based upon such "CONFIDENTIAL MATERIALS," and all copies, portions, summaries or abstracts of such CONFIDENTIAL MATERIALS.

3.      Good Cause Statement.  It is the intent of the Parties and the Court that materials will not be designated as CONFIDENTIAL MATERIALS for tactical reasons and that nothing shall be so designated without a good faith belief that there is good cause why it should not be part of the public record in this case.

4.      Definition of Litigation.  As used herein, "Litigation" shall refer to the above-captioned action and any appeals thereof only, and shall not include any other cases or proceedings, whether pending or filed in the future, against CHL (or any of its past or current affiliated entities under the Bank of America Corporation and/or Countrywide Financial Corporation), RFC and/or any party by Plaintiffs' counsel (or any of them or their respective law firms).

5.      Limitations on Disclosure of Confidential Information.  Discovery materials designated CONFIDENTIAL MATERIALS, and information derived therefrom, shall be maintained in confidence by the Party to whom such materials are produced or given; and the Party that receives CONFIDENTIAL MATERIALS shall not disclose them to any person or entity except the following qualified recipients:

a.      the Court, including Court personnel, deposition officers, court reporters, videographers, and all other personnel necessary to assist the Court in its function;

b.      Each Party to this Litigation;

c.      Counsel of record in the Litigation and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly

2

assisting such counsel in the preparation of the Litigation for trial or other proceedings herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligation hereunder;

d. In-house counsel for the Parties;

e. Outside consultants and experts retained by counsel or the Parties to furnish technical or expert services in connection with this Litigation or to give testimony with respect to the subject matter of this Litigation at the trial of this Litigation or other proceeding herein, or witnesses or deponents in advance of and in preparation for testimony; provided that each such third party (1) has been provided a copy of this Protective Order and (2) has signed an agreement (in a manner and form identical or comparable to Attachment A hereto) acknowledging his or her receipt of the Protective Order, agreement to be bound by its terms and his or her consent to personal jurisdiction before this Court;

f. potential lay witnesses, provided that each such person (1) has been provided a copy of this Protective Order and (2) has signed an agreement (in a manner and form identical or comparable to Attachment A hereto) acknowledging his or her receipt of the Protective Order, agreement to be bound by its terms and his or her consent to personal jurisdiction before this Court;

g. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

h. Other persons, provided that (1) the producing Party has consented in writing to disclosure to such other person and (2) such other person (i) has been provided a copy of this Protective Order and (ii) has signed a receipt acknowledging his or her receipt of the Protective Order, agreement to be bound by its terms and his or her consent to personal jurisdiction before this

3

Court;

i. Deponents in depositions in this Litigation, provided any CONFIDENTIAL MATERIALS shall be subject to the provisions of Paragraphs 13 through 15 of this Protective Order; and

j. Any copy services or other service providers engaged by counsel or the Parties to assist in this Litigation.

Regardless of designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the information or discovery material other than that which specifically refers to such conduct or statements, and such discussion shall not constitute disclosure within the terms of this Protective Order.

6. Limitations on Use of CONFIDENTIAL MATERIALS.  The Party, including, his, her or its counsel of record, receiving CONFIDENTIAL MATERIALS shall use them solely for purposes of this Litigation and/or in any settlement negotiations between the Parties; and shall not use them for any other purpose, including, without limitation, (a) in connection with any other present or future disputes, proceedings or litigation; (b) to prosecute, file, amend and/or conduct discovery in any present or future dispute, proceeding or litigation (including, without limitation, any lawsuit against CHL (or any of its past or current affiliated entities under the Bank of America Corporation and/or Countrywide Financial Corporation) or RFC involving any of Plaintiffs' counsel (or their respective law firms); (c) any business, investment, commercial, competitive, personal or other purpose; and (d) to contact or attempt to contact absent class members, unless allowed by Court order or until a class is certified in this Litigation.  Nothing in this paragraph or any other part of this Protective Order shall be construed to limit Plaintiffs' counsel's ability to communicate with any named Plaintiff or with current or former borrowers of Defendants who contact Plaintiffs' counsel, or to receive any information from such current or former borrowers who contact Plaintiffs' counsel.

7.    Persons Receiving CONFIDENTIAL MATERIALS.    All persons to whom CONFIDENTIAL MATERIALS are provided shall be subject to this Protective Order and shall maintain such information in confidence; shall not use such information for any purpose other than the prosecution or defense of this Litigation, as defined in Paragraph 4, or in any settlement negotiations between the Parties concerning the Litigation, and shall not, except in accordance with Paragraph 5, disclose such information to any other person, including without limitation parties or counsel to parties in other lawsuits pending against CHL (or any of its past or current affiliated entities under the Bank of America Corporation) or RFC.

8.    Retention of Receipts.    Counsel to whom CONFIDENTIAL MATERIALS are disclosed shall keep in their files the originals of the signed receipts required by this Protective Order.  Such Attachments shall not be discoverable except upon a showing of good cause and need therefor.

9.    Limitation of Disclosure.    CONFIDENTIAL MATERIALS, copies thereof, or portions, summaries, or abstracts thereof, shall not be made public by the Party to whom they are disclosed, unless such CONFIDENTIAL MATERIALS, or copies thereof, become part of the public record of this Litigation through no fault or other improper conduct of the Party to whom they are disclosed.

10.    Determination of Confidentiality.    This Protective Order shall not foreclose any Party from moving this Court for an order finding that specific discovery materials either are or are not subject to the provisions of this Protective Order.  Any Party to this Litigation objecting to the designation of any CONFIDENTIAL MATERIALS during this Litigation or the application of any provision of this Protective Order may proceed under Local Rules 7 and 79-5 to seek or uphold an order vacating the designation or the application of said provision.  While such an application is pending, the discovery material or testimony in question shall be treated as CONFIDENTIAL MATERIALS pursuant to this Protective Order.  The designating Party shall have the burden of demonstrating that the material or testimony should be given confidential treatment or other protection.  Unless a prompt challenge to a producing Party's designation of CONFIDENTIAL MATERIALS is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right

5

to challenge a designation of CONFIDENTIAL MATERIALS by electing not to mount a challenge promptly after the original designation is disclosed.

11.    Supplemental Orders.  This Protective Order shall not foreclose any Party from moving the Court for an order relieving the Party of the effect of the Protective Order or from applying to the Court for further or additional protective orders.  In addition, the Parties may move for modification of this Protective Order, subject to the approval of the Court.

12.    Return of CONFIDENTIAL MATERIALS.   Within thirty (30) days after the final termination of this Litigation, including by settlement or exhaustion of all appeals, counsel for each producing Party shall inform all counsel to whom CONFIDENTIAL MATERIALS were produced whether the receiving Party is to (a) return all CONFIDENTIAL MATERIALS in his, her or its possession, custody or control, and all copies, portions, summaries, derivations, notes or abstracts thereof to counsel for the disclosing Party or (b) destroy all copies thereof.  Within thirty (30) days of such notice, counsel to whom CONFIDENTIAL MATERIALS were produced shall, at the option of the retaining Party, either return all CONFIDENTIAL MATERIALS in his, her or its possession, custody or control, and all copies, portions, summaries, derivations, notes or abstracts thereof to counsel for the disclosing Party or shall certify destruction thereof to counsel for the disclosing Party; provided, however, that counsel for a Party may retain one file copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits created in connection with this Litigation that includes CONFIDENTIAL MATERIALS, but such documents shall continue to be kept confidential pursuant to this Protective Order.  In the event that the retaining Party chooses to destroy physical objects and documents, the Party in receipt of those documents shall certify in writing within thirty (30) days of the final termination of this Litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge.  This Protective Order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.

13.    Use of CONFIDENTIAL MATERIALS at Depositions.  If counsel for any Party believes that a question put to a witness being examined in pretrial deposition will disclose CONFIDENTIAL

MATERIALS, or that the answer to any question or questions requires such disclosure, or if documents to be used as exhibits during the examination contain such CONFIDENTIAL MATERIALS, such counsel may so notify requesting counsel, and, in that event, that portion of the deposition shall be taken in the presence only of counsel, supporting personnel identified in Paragraph 5, Parties to the Litigation, the court reporter, video operator and their assistants, and persons who have signed a receipt acknowledging the receipt of this Protective Order and agreement to be bound by its terms.  The court reporter shall indicate in the transcript the portion of the transcript that is to be kept confidential, and shall mark the cover page of the transcript accordingly.  A Party may also designate all or part of a deposition transcript as CONFIDENTIAL MATERIALS within thirty (30) business days of its receipt of the transcript by letter to the court reporter, with a copy provided to counsel for the other parties, unless otherwise agreed as circumstances require. Failure to invoke this option shall not destroy, infringe or erode the confidential nature of such information.

14.   <u>Designation of Transcripts of Depositions</u>.   Transcripts or portions of the transcripts of such depositions that have been designated confidential shall be treated as CONFIDENTIAL MATERIALS.

15.   <u>Use of Transcripts of Depositions</u>.   No copy of the portion of any deposition transcript that is designated in whole or in part as containing CONFIDENTIAL MATERIALS shall be prepared for or furnished by the reporter to any person other than to counsel for the Parties, and shall be provided only to the persons identified in Paragraph 5.

16.   <u>No Modification of Privileges</u>.   Nothing in this Protective Order shall modify the law regarding the attorney-client privilege, the attorney work-product privilege, the joint defense privilege, and/or any other applicable privilege or reason for non-disclosure.

17.   <u>Use of CONFIDENTIAL MATERIALS in Discovery, Motions and Pre-Trial</u>. CONFIDENTIAL MATERIALS may be used in support of or in opposition to any motion, at any motion hearing, to prepare for and conduct discovery, in connection with settlement negotiations, and to prepare for trial in the Litigation, all subject to provisions of this Protective Order or any further order regarding confidentiality as this Court may enter.  In the event this matter goes to

trial, a separate order shall be entered by the Court regarding the treatment of such information during trial.

18.   <u>File Under Seal</u>.  Without written permission from the designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any CONFIDENTIAL MATERIALS.  A Party that seeks to file under seal any CONFIDENTIAL MATERIALS must comply with Civil Local Rule 79-5.

19.   <u>Use at a Hearing</u>.  Nothing in this Protective Order shall preclude the use of discovery materials designated CONFIDENTIAL MATERIALS in a hearing.  Subject to the discretion of the Court, a Party may request that the Court maintain the confidentiality of discovery materials designated CONFIDENTIAL MATERIALS during all pre-trial court proceedings; provided, however, that nothing herein prevents any other Party from opposing such request.  Before trial of this Litigation or any hearing involving CONFIDENTIAL MATERIALS or information derived therefrom, the Parties, through counsel, shall confer in an attempt to agree on an appropriate form of order to submit to the Court regarding the Confidential status, if any, to be afforded documents, testimony or other information to be disclosed during the course of the trial.  Nothing in this Protective Order shall be construed to affect in any way the admissibility of any documents, testimony or other evidence at trial, nor constitute a waiver of any objection thereto.

20.   <u>Inadvertent or Erroneous Disclosure of Privileged Documents</u>.  Inadvertent or erroneous production of documents or discovery material otherwise subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege shall not automatically constitute a waiver of any applicable privilege or immunity.  In these circumstances, the producing Party must immediately notify all Parties in writing of the inadvertent production and the basis for the claim of privilege or other protection from production, and request, in writing, the return or confirmed destruction of the privileged or protected information.  Within five (5) days of receiving written notification that a document or other discovery material has been inadvertently or erroneously produced and that a claim of any applicable privilege will be made with regard to such document or other discovery material, the Party receiving such notice shall segregate such materials and advise the producing Party if they dispute the claim of inadvertence or error or assert

waiver.  If the parties cannot resolve this dispute, the matter shall be presented to the magistrate judge for consideration and an *in camera* review of such materials.  If the receiving Party does not challenge the claim of inadvertence or error or assert waiver, the receiving Party shall promptly either destroy or return the inadvertently produced materials.  If the Court determines the privilege has not been waived, the material shall be either returned or destroyed, and the inadvertent production of any document or discovery shall not be deemed to be a waiver of the claim of privilege or protection against disclosure.  Notwithstanding the foregoing, nothing in this paragraph shall prevent a receiving Party from challenging the producing Party's designation of the document or discovery as subject to attorney-client privilege, attorney work product and/or any other applicable privilege, or to assert the privilege has been waived based upon the circumstances.   The receiving Party may retain copies of the document for the purpose of challenging the producing Party's designation of the document or discovery as subject to attorney-client privilege, attorney work product and/or any other applicable privilege.

21.   Inadvertent Disclosure of "CONFIDENTIAL MATERIALS."  If a Party or any of its representatives, including but not limited to its counsel, outside consultants, and experts inadvertently discloses any information or documents designated as CONFIDENTIAL MATERIALS pursuant to this Protective Order to persons who are not authorized to use or possess CONFIDENTIAL MATERIALS, the Party shall provide immediate written notice of the disclosure to the Party whose CONFIDENTIAL MATERIALS were inadvertently disclosed.  Similarly, in the event a Party has actual knowledge that CONFIDENTIAL MATERIALS are being used or possessed by a person not authorized to use or possess CONFIDENTIAL MATERIALS pursuant to this Protective Order, regardless of how the CONFIDENTIAL MATERIALS were disclosed or obtained by such person, the Party shall provide immediate written notice of the unauthorized use or possession to the party whose CONFIDENTIAL MATERIALS are being used or possessed.  No Party shall have an affirmative obligation to inform itself regarding such possible use or possession.

22.   Actions to Protect CONFIDENTIAL MATERIALS.   In the event that the Court determines that there is an actual or threatened breach of the agreement by the Party who received the CONFIDENTIAL MATERIALS, the Parties agree that the Party providing the CONFIDENTIAL

1   MATERIALS would not have an adequate remedy at law and would be entitled to specific

2   performance, and/or injunctive relief, to enforce the terms of this Protective Order, in addition to

3   any other remedy the Party may be entitled at law or in equity.

4           23.   Notice of Court Subpoena or Order.   If another court or government or

5   administrative agency subpoenas or orders production of CONFIDENTIAL MATERIALS that a Party

6   has obtained under the terms of this Protective Order, such party shall, within five (5) business

7   days, notify the attorneys of record of the party or other person who produced the CONFIDENTIAL

8   MATERIALS of the pendency of such subpoena or order, and shall furnish those attorneys of record

9   with a copy of said subpoena or order and shall not produce any CONFIDENTIAL MATERIALS for a

10  period of at least five (5) business days after providing the required notice to the producing Party.

11  If, within five (5) business days of receiving such notice, the producing Party gives notice to the

12  receiving Party that the producing Party opposes production of some or all of the CONFIDENTIAL

13  MATERIALS in the receiving Party's possession, custody or control, the receiving Party shall so

14  inform the party seeking the CONFIDENTIAL MATERIALS from the receiving Party and shall

15  explain, citing this Protective Order, that production of the CONFIDENTIAL MATERIALS is

16  prohibited by this Protective Order, except pursuant to a court order requiring compliance with the

17  subpoena, order or other legal process.   The producing Party shall be solely responsible for any

18  objection to the requested production and for ensuring that any appropriate applications are filed

19  prior to the return date for such subpoena or request for production.   Nothing herein shall be

20  construed as requiring the receiving Party or anyone else covered by this Protective Order to

21  challenge or appeal any order requiring production of CONFIDENTIAL MATERIALS covered by this

22  Protective Order, or to subject itself to any penalties for non-compliance with any legal process or

23  order, or to seek any relief from this Court.   In the event CONFIDENTIAL MATERIALS are produced

24  to a non-party to this Protective Order, such CONFIDENTIAL MATERIALS shall continue to be

25  treated as CONFIDENTIAL MATERIALS in accordance with this Protective Order.

26          24.   Agreements and Local State and Federal Law Regarding "CONFIDENTIAL

27  MATERIALS."   No party may be deemed to violate any federal, state or local laws or agreements

28

10

governing the disclosure of confidential, personal or proprietary information by producing any such information in this Litigation, and compliance with this Protective Order

25. <u>Material and Information Otherwise Obtained</u>.  Nothing in this Protective Order shall apply to documents, information, material, or any portion thereof obtained by any party on a non-confidential basis from an unrelated person or entity ("Independently-Obtained Documents"), provided that if an Independently-Obtained Document duplicates, in whole or in part, documents produced to the party and designated as CONFIDENTIAL MATERIALS, and the Independently-Obtained Document was obtained directly or indirectly by the unrelated person or entity as a result of discovery from (a) CHL (or any of its affiliated entities under the Bank of America Corporation) in litigation involving CHL (or any of its affiliated entities under the Bank of America Corporation), or (b) RFC in litigation involving RFC, and such document was the subject of materially similar protections as CONFIDENTIAL MATERIALS receive under this Protective Order, such Independently-Obtained Document, or the duplicative portion thereof, shall be treated by the party as CONFIDENTIAL MATERIALS.  Nothing in this paragraph shall be deemed to relieve any unrelated party or entity from complying with its obligations under any agreement or court order that is otherwise applicable to that person or entity.

26. <u>No Waiver of Rights</u>.  Nothing in this Protective Order shall be deemed a waiver of any of the Parties' rights to oppose any discovery on any grounds or to object on any ground to the admission in evidence at any motion hearing or the trial of this Litigation of any matter discovered.

27. <u>Effect on Scope of Discovery</u>.  Nothing in this Protective Order shall in any way expand or limit the permissible scope of discovery in this Litigation.

28. <u>Binding Nature of this Order.</u>  This Protective Order shall continue to be binding after the conclusion of this Litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal and ordered to remain under seal); and (b) that a party may seek the written permission of the producing Party or further order of the Court with respect to dissolution or modification of any of the Protective Order.  The provisions of this Protective Order shall, absent prior written consent of both Parties, continue to

1    be binding after the conclusion of this action.  In the event this matter goes to trial, the Parties

2    shall prepare and submit to this Court for entry a separate order regarding the treatment of

3    CONFIDENTIAL MATERIALS during trial.

4        29.    Other Parties and Third Parties.  Other parties to this Litigation, including any

5    additional parties that join or are joined in this Litigation, may have access to CONFIDENTIAL

6    MATERIALS only by additional order of the Court or by the Party's executing and filing with the

7    Court a stipulation agreeing to be fully bound by this Protective Order.  Third parties providing

8    discovery materials in response to a subpoena may gain the benefits of this Protective Order with

9    respect to any documents or discovery materials they produce by executing the receipt described

10   in Paragraph 5(g) above; by so signing, those parties will also assume all the duties and

11   obligations required under this Protective Order.

12       30.    Party's Use of Own CONFIDENTIAL MATERIALS.  This Protective Order has no

13   effect upon, and shall not apply to, a producing Party's use of its own CONFIDENTIAL MATERIALS

14   for any purpose.  However, to the extent a party treats its own CONFIDENTIAL MATERIALS in this

15   Litigation in a manner that is inconsistent with the non-producing Party's obligations regarding

16   such materials under this Protective Order (for example, filing such materials as part of a publicly-

17   available document, not under seal), the non-producing Party will be relieved of those obligations

18   in this Litigation with respect to those particular CONFIDENTIAL MATERIALS  to the same extent as

19   the producing Party's treatment of those CONFIDENTIAL MATERIALS in this Litigation conflicts

20   with the non-producing Party's obligations.

21       IT IS SO ORDERED this ___11th___ day of ___January, 2011___, 2010

22

23   _____

24       The Hon. Phyllis J. Hamilton
     Magistrate Judge, United States District Court

25

26

27

28



12

1   **AGREED AS TO SUBSTANCE AND FORM**
    **AND ENTRY REQUESTED BY:**
2

3   DATED this 28th day of December, 2010

4

5   COUNTRYWIDE HOME LOANS, INC.          VIRGIL A. BAKER; CHARLES B. LOWERY
                                          and ELIZABETE LOWERY; and ELLANORE
6                                         and DAVID LARGENT

7   /s/ Brooks R. Brown                   /s/ Lee A. Weiss
    Brooks R. Brown (SBN 250724)          Lee A. Weiss (pro hac vice)
8   *bbrown@goodwinprocter.com*           *lweiss@bwgfirm.com*
    Steven A. Ellis (SBN 171742)          **BROWNE WOODS GEORGE LLP**
9   *sellis@goodwinprocter.com*           1 Liberty Plaza, Suite 2329
    **GOODWIN PROCTER LLP**               New York, New York 10006
10  601 S. Figueroa Street, 41st Floor    Telephone: 212.354.4683
    Los Angeles, California  90017        Facsimile: 212.354.4904
11  Telephone:  213.426.2500
    Facsimile:  213.623.1673
12

13

14  Robert B. Bader (SBN 233165)          David M. Arbogast (SBN 167571)
    *rbader@goodwinprocter.com*           *darbogast@law111.com*
15  **GOODWIN PROCTER LLP**               Jeffrey K. Berns (SBN 131351)
    Three Embarcadero Center, 24th Floor  *jberns@law111.com*
16  San Francisco, California 94111       **ARBOGAST & BERNS LLP**
    Telephone:  415.733.6055              6303 Owensmouth Avenue, 10th Floor
17  Facsimile:  415.677.9041              Woodland Hills, CA 91367
                                          Telephone: 818.961.2000
18                                        Facsimile: 818.936.0232

19  RESIDENTIAL FUNDING COMPANY, LLC

20  /s/ Regina J. McClendon
    Regina J. McClendon (SBN 184669)
21  *rjm@severson.com*
    Erik Kemp (SBN 246196)
22  *ek@severson.com*
    **SEVERSON & WERSON**
23  **A Professional Corporation**
    One Embarcadero Center, Suite 2600
24  San Francisco, CA  94111
    Telephone:  415.398.3344
25  Facsimile:  415.956.0439

26

27

28

CONSENT PROTECTIVE ORDER                              CASE No. 09-cv-05280-PJH

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| VIRGIL A. BAKER; CHARLES B. LOWERY and ELIZABETE LOWERY; and ELLANORE and DAVID LARGENT, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>AEGIS WHOLESALE CORPORATION; RESIDENTIAL FUNDING COMPANY, LLC; COUNTRYWIDE HOME LOANS, INC., and DOES 3 through 100 inclusive,<br><br>            Defendants. | Case No. 4:09-CV-05280-PJH<br><br>**CONFIDENTIALITY MATERIALS: RECEIPT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**<br><br>Judge:      Hon. Phyllis J. Hamilton |

I, _____, declare and state that:

      1.     I reside at _____

_____.

      2.     I am employed as _____

by _____.

      3.     I have read and understand the provisions of the Protective Order entered in *Baker v. Aegis Wholesale Corporation*, Case No. 4:09-cv-05280-PJH, and have received a copy of the Protective Order in this action dated _____, 2010.  As a condition precedent to receiving any CONFIDENTIAL MATERIALS, as defined in the Protective Order, I agree to abide by all provisions of the Protective Order and to subject myself to the personal jurisdiction of the United States District Court for the Northern District of California with respect to the application and enforcement of the provisions of the Protective Order.  I understand that I am obligated, under the Protective Order, to hold in confidence and not disclose any CONFIDENTIAL INFORMATION except as permitted by the Protective Order.

- 1 -

5. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL MATERIALS in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any CONFIDENTIAL MATERIALS are to be returned to counsel who provided me with such material.

6. I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this Litigation, any information obtained pursuant to the Protective Order, except as provided therein. I also agree to notify any secretarial, clerical, or supporting personnel who are required to assist me of the terms of the Protective Order and to take steps to ensure their compliance with the terms of the Protective Order.

7. I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action or proceeding for damages.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 20__.

At _____.

**ECF CERTIFICATION**

Pursuant to General Order No. 45, § X.B., the filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to the document.

Dated: December 28, 2010

GOODWIN PROCTER LLP
601 S. Figueroa Street, 41st Floor
Los Angeles, California  90017

By: /s/ Brooks R. Brown

Attorneys for Defendant
*Countrywide Home Loans, Inc.*

1

## **PROOF OF SERVICE**

2

3

I further certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 28, 2010.

4

5

6

/s/ Brooks R. Brown

Brooks R. Brown

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1